MA'LENNA CAPERS
300 S Mountain Ave #1079
Upland, CA 91786
Email:palmdocsprocesshelper@gmail.com

MA'LENNA CAPERS IN PRO PER

```
FILED
CLERK, U.S. DISTRICT COURT
1/14/2025
CENTRAL DISTRICT OF CALIFORNIA
BY _____ ram _____ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM
```

fee due

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MA'LENNA CAPERS

vs

STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO
CITY OF VICTORVILLE
SAN BERNARDINO COUNTY CHILDREN
AND FAMILY SERVICES
SAN BERNARDINO DISTRICT ATTORNEY
JOHN RICHARDSON

JUVENILE DEPENDENCY COURT alt. SAN
BERNARDINO JUVENILE COURT

C&L POWERS alt C&L-CLARK & LEE,LLP;

SAN BERNARDINO COUNTY SUPERIOR
COURT- FAMILY LAW DIVISION

VICTORVILLE CHILD PROTECTIVE
SERVICES

VICTORVILLE SHERIFF'S DEPARTMENT
Defendant DEPUTY CASTILLO ,and Defendant

DEPUTY DECOUD

DOES 1-50

)
)    5:25-cv-00111-MWC-AJR
)
) **COMPLAINT FOR DAMAGES:**
)
)
)
) **VIOLATION OF CIVIL RIGHTS**
)
) **42 U.S.C.§ 99 1983, 1988 (Conspiracy)**
)
) **VIOLATION OF CIVIL RIGHTS 42 U.S.C.§**
)
) **9 19838( Fourteenth Amendment)**
)
) **VIOLATION OF CIViL RIGHTS 42 U.S.C.**
)
) **§ 1983 (Municipal Liability- Monell)**
)
) **VICTIM AND WITNESS TAMPERING**
)
)  **UNDER PENAL CODE SECTION 136.1**

Case No.:

---

1

**COMPLAINT FOR DAMAGES**

**PLAINTIFF ALLEGES AS FOLLOWS:**

This is a complaint for damages based upon federal civil rights and state constitutional rights violations committed by the Defendant State of California, County of San Bernardino and its respective officials, uniformed peace officers, employees, and/or agents. This case is brought pursuant to 42 U.S.C. §§ 1983, 1988 and California state law. Federal jurisdiction is based upon 28 U.S.C. §§ 1331,1343 (a)(l-4). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

## JURISDICTION

Plaintiff brings this case pursuant to 42 U.S.C. §§ 1983, 1988 and California state law. Jurisdiction is based upon 28 U.S.C. §§ 1331, 1343 (1-4)" Supplemental jurisdiction exists over the state claims and Defendants pursuant to 28 U.S.C. § 1367

## VENUE

The claims alleged herein arose from events or omissions that occurred in the State of California, County of San Bernardino, City of Victorville. Therefore, venue lies in the Central District : California pursuant to 28 U.S.C. § 1391 (b)(2).

## PARTIES

1.   Plaintiffs MA'LENNA CAPERS (the " Plaintiffs") an individual residing in the CITY OF VICTORVILLE, California and has friends and family, in the county of San Bernardino.

2.   Plaintiff is informed, believes, and thereupon alleges that SAN BERNARDINO COUNTY, and was at all times material herein a policy maker and or supervisor and acting under color of law within the course and scope of his employment and office at the VICTORVILLE SHERIFF'S DEPARTMENT . Defendant DEPUTY CASTILLO ,and Defendant DEPUTY DECOUD are being sued under their official capacity.

3. Plaintiff is informed, believes, and thereupon alleges that JUDICIAL OFFICER DOE#1 related to hearing on 12/6/2024, JUDICIAL OFFICER DOE#2 related to hearing 12/24/2024, and JUDICIAL OFFICER DOE#3 related to hearing 1/6/2024, and was at all times material herein a policy maker and or supervisor and acting under color of law within the course and scope of his employment and office at the . Defendant SAN BERNARDINO COUNTY SUPERIOR COURT- FAMILY LAW DIVISION  being sued under their official capacity.

4. Plaintiff is informed, believes, and thereupon alleges that SAN BERNARDINO DISTRICT ATTORNEY  and was at all times material herein a policy maker and or supervisor and acting under color of law within the course and scope of his employment and office at the SAN BERNARDINO DISTRICT ATTORNEY located in Victorville . Defendant DISTRICT ATTORNEY JOHN RICHARDSON is being sued under their official capacity.

5. Plaintiff is informed, believes, and thereupon alleges that AGENA BOUCARD,SSP("Defendant BOUCARD"), KIM EVERETT, SSP ("Defendant EVERETT") and CHRISTOPHER VILLALPANDO,SSP("Defendant VILLALPANDO") was at all times material herein a policy maker and or supervisor and acting under color of law within the course and scope of his employment and office at the HUMAN SERVICES/CHILDREN AND FAMILY SERVICES,CITY OF VICTORVILLE .Defendant HUMAN SERVICES/CHILDREN AND FAMILY SERVICES,CITY OF VICTORVILLE is being sued under their official capacity.

6. Plaintiff is informed, believes, and thereupon alleges that AGENA BOUCARD,SSP("Defendant BOUCARD"), KIM EVERETT, SSP ("Defendant EVERETT") and CHRISTOPHER VILLALPANDO,SSP("Defendant VILLALPANDO") was at all times material herein a policy maker and or supervisor and acting under color of law within the course and scope of his employment and office at the SAN BERNARDINO

3

COUNTY CHILDREN AND FAMILY SERVICES . Defendant SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES is being sued under their official capacity.

7. Plaintiff is informed, believes, and thereupon alleges that JUDGE, PACE ANNEMARIE("Defendant PACE"), and C&L POWERS alt C&L-CLARK & LE,LLP counsel acting agent JERAD("Defendant JERAD DOE)was at all times material herein a policy maker and or supervisor and acting under color of law within the course and scope of his employment and office at the JUVENILE DEPENDENCY COURT . Defendant JUVENILE DEPENDENCY COURT ,and Defendant C&L POWERS alt C&L-CLARK & LE,LLP are being sued under their official capacity.

8. Defendant JUVENILE DEPENDENCY COURT,SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES,VICTORVILLE CHILD PROTECTIVE SERVICES, SAN BERNARDINO COUNTY SUPERIOR COURT- FAMILY LAW DIVISION,SAN BERNARDINO DISTRICT ATTORNEY, VICTORVILLE CHILD PROTECTIVE SERVICES VICTORVILLE SHERIFF'S DEPARTMENT employer and their acting agents, is a municipal corporation, incorporated in 1912 under the general laws of the State of California, which derives its municipal authority from those laws in all respects not governed by city ordinance.

9. Defendant JUVENILE DEPENDENCY COURT,SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES,VICTORVILLE CHILD PROTECTIVE SERVICES,SAN BERNARDINO COUNTY SUPERIOR COURT- FAMILY LAW DIVISION,SAN BERNARDINO DISTRICT ATTORNEY, VICTORVILLE CHILD PROTECTIVE SERVICES VICTORVILLE SHERIFF'S DEPARTMENT employer and their acting agents are a local government entity and an agency of the County of San

Bernardino, state of California. The State of California, City of Victorville is liable for the actions of police officers working under the scope of their employer.

10. Defendant JUVENILE DEPENDENCY COURT,SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES,VICTORVILLE CHILD PROTECTIVE SERVICES, SAN BERNARDINO COUNTY SUPERIOR COURT- FAMILY LAW DIVISION,SAN BERNARDINO DISTRICT ATTORNEY, VICTORVILLE CHILD PROTECTIVE SERVICES VICTORVILLE SHERIFF'S DEPARTMENT, employer and their acting agents, through its agents, employees, policymakers, Police Department, Police Officers, and Police Chief, has engaged in a pattern, and practice of subjecting individuals to excessive force, and tolerated and fostered such conduct by failing to supervise and properly train its officers and staff; failing to implement and use the training that was provided; failing to create and enforce adequate use-of-force policies; failing to document, investigate and discipline officers who engaged in misconduct; and by ignoring and implicitly condoning misconduct that occurred and creating an atmosphere in which it there is no accountability for such misconduct

11. Plaintiff is unaware of the true names or capacities, whether they are individuals or business entities, of Defendant DOES 1 through 50 and therefore sues them by such fictitious names and will seek leave of this Court to insert true names and capacities once they have been ascertained.

12. At all times mentioned herein, Defendants, and each of them, inclusive of DOES 1 through 50 were authorized and empowered by each other to act, and did so act, as agents of each other, and all of the things herein alleged to have been done by them were done in the capacity of such agency. Upon information and belief, all Defendants are responsible in some manner for the events described herein and are liable to Plaintiff for the damages they have incurred.

13. Plaintiff are informed and believe and thereon allege that, at all relevant times, Defendant JUVENILE DEPENDENCY COURT,SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES,VICTORVILLE CHILD PROTECTIVE SERVICES,SAN BERNARDINO COUNTY SUPERIOR COURT- FAMILY LAW DIVISION,SAN BERNARDINO DISTRICT ATTORNEY, VICTORVILLE CHILD PROTECTIVE SERVICES VICTORVILLE SHERIFF'S DEPARTMENT employer and their acting agents acted for each other in connection with the conduct alleged herein and that each of them performed the acts complained of or breached the duties complained of as agents of each other and each is therefore fully liable for the acts of the other.

14. Each Defendant ratified, approved, and caused, permitted, and is liable for the resulting injuries by participating in said conduct and/or acting jointly or conspiring with others. Defendant JUVENILE DEPENDENCY COURT,SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES,VICTORVILLE CHILD PROTECTIVE SERVICES,SAN BERNARDINO COUNTY SUPERIOR COURT- FAMILY LAW DIVISION,SAN BERNARDINO DISTRICT ATTORNEY, VICTORVILLE CHILD PROTECTIVE SERVICES VICTORVILLE SHERIFF'S DEPARTMENT is obligated, under Gov Code 815.2 and 825(a), to pay compensatory damages awarded against the individual defendants. Thus, defendants are jointly and severally liable for any damages award.

## **STATEMENT OF FACTS**

15. This statement outlines facts related to false allegations made against the Plaintiff, and instances of witness tampering involving Child Protective Services in Victorville California. These allegations have caused significant emotional distress,reputational harm, and disruption to Plaintiff family life.

6

**COMPLAINT FOR DAMAGES**

16.   This action arises from the 300(a)(b)(j) WIC Subsection removal of Plaintiff's minor children A.CW,J.CW, K.M on OCTOBER 20th, 2022 and the false allegations in the detentions Report dated OCTOBER 2022 and ADDENDUM REPORT dated May 2024.

17.   On November 7th,2022, a Criminal Protective Order was issued in response to October 19th,2022 events . DEPUTY CASTILLO stated to Ms. Capers " IF WE HAVE TO COME BACK, WE ARE GOING TO BE TAKING YOU SOMEWHERE". On or about 7PM after ordering DOMINO's PIZZA the perpetrator related to #FVI22003052 comes back to the hotel room and expresses to Plaintiff that DEPUTY CASTILLO and another unknown officer harassed him while he retrieved the pizza following the wellness check on plaintiff earlier that day. on or about 12AM-2AM Plaintiff was a victim of physical and sexual violence inflicted by the the perpetrator related to #FVI22003052, as well witness to sexual abuse perpetrator inflicted on minor child K.M. On October 20th, 2022, on or about 7AM Plaintiff oldest child A.W asked what " MAKE UP SEX WAS"no response was provided. Plaintiff then went to the front office of the hotel regarding her room being ransacked, smelling like raw chicken breast,and her debit card missing. On or about 10AM while walking through the hotel parking lot going North towards the Victorville EBT office located off of Palmdale Rd::: Plaintiff noticed the same officers from the previous day shouting her name across the parking lot.  At the time of the encounter, Plaintiff was experiencing a heightened state of anxiety and fear due to negative experiences with law enforcement, feeling threatened, and deputies misunderstanding the situation and going based off the out of state family member and the perpetrator. Plaintiff fled from officers however did not advise her children to follow.

18.   On October 24th, 2022, JUVENILE DEPENDENCY PETITION 300-original was filed by Defendants acting agents the Ms. Capers has a history of engaging in domestic violence with

her significant others in the presence of all three of the minor children and that Ms. Capers has " untreated mental issues

19. On October 25th, 2022 a detention report by Defendants acting agents. No statement was collected by Plaintiff. Plaintiff did not receive adequate notice or the opportunity to be heard in Juvenile court proceedings.NOVEMBER 21st 2022 plaintiff fled California seeking rehabilitation after no resources were provided, and the perpetrator was out on bond. Plaintiff maintained an active address and phone number as she spoke with all three minors daily facetime and or phone calls since separation. On July 2nd, 2024 Plaintiff received for the first time a copy of the CPO, on January 6th,2025 Plaintiff received for the first time a copy of the CUSTODY ORDER-JUVENILE-FINAL JUDGEMENT.

Despite this order, Plaintiff has experienced several issues related to the handling of the family case FAMSB2305155, juvenile dependency cases J294793, J294794, J294795 and the criminal proceedings delay related to FVI22003052.

### FIRST CLAIM FOR RELIEF:

*VIOLATION OF CIVIL RIGHTS (42 U.S.C. §§ 1983, 1988)*

*Conspiracy to Violate Civil Rights*

*By Plaintiff Against the Defendants*

20. Plaintiffs reallege and incorporate by reference every allegation of paragraphs 1 to 50 as though fully set forth in this paragraph.

21. This cause of action arises under 42 U.S.C. §§ 1983 and 1988, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege or immunity secured to them by the First, Fourth, and Fourteenth Amendments to the United States Constitution

22. Defendants, and each of them, acted as described herein above, in conspiracy with, and with the agreement, permission, ratification, and approval of, each other to violate Plaintiff civil rights afforded under the United States Constitution

COMPLAINT FOR DAMAGES

23. Among other things, the Deputies acted in conspiracy and with agreement, permission, ratification, and approval of their joint conduct to (1) unlawfully detain Plaintiff without probable cause or reasonable suspicion; (2) unlawfully conduct a prolonged detention of Plaintiff without probable cause or reasonable suspicion; (3) unlawfully search Plaintiff without probable cause or reasonable suspicion; (4) jointly act to use excessive force during the detention of Plaintiff; (5) collaborate to fabricate and advance false police reports resulting in the jailing and prosecution of Plaintiff

24. Following Plaintiff reporting of the incidents and plaintiff request for protection, Plaintiff has faced retaliation from further victimization by being forced to communicate with the perpetrator as it pertains to minor K.M only

## SECOND CLAIM FOR RELIEF

### *VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)*

### *Fourteenth Amendment (Malicious Prosecution / Substantive Due Process)*

### *By Plaintiff Against the Defendant*

25. Plaintiffs reallege and incorporate by reference every allegation of paragraphs 1 to 50 as though fully set forth in this paragraph.

26. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the Fourteenth Amendment to the United States; Constitution

27. The Fourteenth Amendment guarantees Plaintiff substantive due process of law

28. The complaints of acts of Defendants were shocking to the conscience, beyond the bounds of acts tolerable in a civilized society, and so egregious and outrageous that they may faiI-ly be said to shock the contemporary conscience.

29. The acts of Defendants were retaliatory, fraudulent, deliberate, and in contemplation of intimidating Plaintiff The Deputies acted with malice and oppression. Plaintiff was detained,

9

and maliciously prosecuted based upon a fabricated police report, prepared by government agents, under the guise of their sworn duty as officers of the law

30. The actions taken by SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, VICTORVILLE CHILD PROTECTIVE SERVICES , SAN BERNARDINO JUVENILE COURT and their acting agents constitute violations of plaintiff civil rights, including plaintiff right to due process and equal protection under the law.

## **THIRD  CLAIM FOR RELIEF:**

*VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) Unconstitutional Policy, Custom, or Procedure (Monell)*

*By Plaintiff Against Defendant*

31. Plaintiffs reallege and incorporate by reference every allegation of paragraphs 1 to 50  as though fully set forth in this paragraph.

32. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiffs seek to redress a deprivation under color of law of a right, privilege, or immunity secured to them by the First, Fourth, and Fourteenth Amendments to the United States Constitution. Defendant County violated Plaintiff 's constitutional rights, as alleged supra> by creating and maintaining the following unconstitutional customs and practices, inter alia:

33. Plaintiff  alleges that Defendant County has a de facto policy, custom, and/or practice of harassing, intimidating, and threatening to arrest and arresting persons who exercise their First Amendment rights of freedom expression

34. Plaintiff alleges that Defendant County has a de facto policy, custom, or practice of inadequately investigating their police officer employees upon complaints of misconduct or Claims for Damages involving police misconduct;

**COMPLAINT FOR DAMAGES**

35. Plaintiff alleges that Defendant County has a de facto policy, custom or practice of failing to discipline, failing to investigate, and of retaining, personnel who falsely detained persons in violation of constitutional rights

36. Plaintiff alleges that defendant County has a de facto policy, custom or practice of condoning, ratifying, failing to discipline, failing to investigate, and of retaining, personnel who use excessive and/or unjustified force upon persons with whom they come into contact in violation of constitutional rights.

37. Defendant County's policies or customs caused and were the moving force and/or affirmative link behind some or all of the violations of Plaintiff 's constitutional rights at issue in this case.

38. Plaintiff is informed, believes, and thereupon alleges that these policies, practices, customs, and procedures are intentional and/or the result of deliberate indifference on the part of Defendant County, by and through its decision makers

39. The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Plaintiff

40. Plaintiff specifically alleges that Defendant County's policy, custom, and/or practices, as described herein, were within the control of Defendant County and within the feasibility of Defendant County, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff

## **FORTH CLAIM FOR RELIEF:**

### VICTIM AND WITNESS TAMPERING UNDER PENAL CODE SECTION 136.1

#### (By All Plaintiffs Against All Defendants)

41. Plaintiffs reallege and incorporate by reference every allegation of paragraphs 1 to 50 as though fully set forth in this paragraph.

**COMPLAINT FOR DAMAGES**

42.    The Defendant acted with the intent to prevent or dissuade all witness and victim Plaintiff from attending or testifying in legal proceedings. This intent can be inferred from the defendant's actions and context surrounding the incident.

43.    The statute specifically prohibits making threats or using coercive tactics against a witness or victim. Acts of the Defendants have caused Ms. Capers physical harm, intimidation, and many other means intended to influence or manipulate the individual's participation in the legal process.

44.    Plaintiff  must be recognized as a victim and witness in the official proceeding against the perpetrator related to case#FVI22003052 considered a targeted individual by the defendant's actions based on having relevant information to a criminal case and being the victim of a crime.

45.    Subsection (a) states that it is a crime to knowingly and maliciously prevent or dissuade any witness or victim from attending or testifying.

46.    The Defendant must have had knowledge of the facts that the minor children they attempted to influence were and still are witnesses and victims. This means that the Defendant was aware of the individual's role in the legal matter at hand.

47.    The Defendant's conduct was linked directly to the actions taken to dissuade or prevent Plaintiff

48.    Defendants acts of obstruction of justice by hindering the investigation by not collecting Plaintiff's statement after the domestic acts had been reported and notifying Plaintiff of rights, and proceedings regarding reunifications and permanent plan for all minors. Placing custody orders without review of CPO  and notifying Plaintiff of the perpetrator release custody status

49.    Plaintiff has evidence that contradicts the allegations of plaintiff having domestic violence history and untreated mental illness as reported by VICTORVILLE CHILD PROTECTIVE

12

SERVICES and than communicated to other agency  SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES   and SAN BERNARDINO JUVENILE COURT in October 2022

50.    Despite the CPO in place, plaintiff reports ongoing manipulation from the restrained individual, law enforcement failed to document properly causing defendants negligence to further harm of Plaintiff. Leaving the plaintiff vulnerable and without necessary support.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiffs MA'LENNA CAPERS , request entry of judgment in their favor and against Defendants STATE OF CALIFORNIA, CITY OF VICTORVILLE, SAN BERNARDINO COUNTY employer and their acting agents

 1. For Non Economic compensatory damages in excess of $1,000,000,000 including intangible losses not limited to pain and suffering, emotional distress, loss of enjoyment of life, and damage to reputation

 2. For compensatory damages for lost wages, and NJ Section 8 housing loss against the individual defendants in an amount to be proven at trial;

3. Punitive Damages in excess 5,000,000

4. For interest;

5. For reasonable costs of this suit and attorneys' fees; and

6. For such further other relief as the Court may deem just, proper, and appropriate.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Respectfully Submitted,

DATE: 1-10-2025

MA'LENNA CAPERS

**COMPLAINT FOR DAMAGES**

**EXHIBIT**

CR-160

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Bernardino
STREET ADDRESS: 14455 Civic Drive
MAILING ADDRESS: saa
CITY AND ZIP CODE: Victorville, Ca. 92345
BRANCH NAME: Victorville District

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
VICTORVILLE DISTRICT

NOV 07 2022

BY
JOSE FABIAN PACHECO, DEPUTY

**PEOPLE OF THE STATE OF CALIFORNIA**
vs.
DEFENDANT: PEOPLE V. Deandre Martin

**CRIMINAL PROTECTIVE ORDER—DOMESTIC VIOLENCE**
**(CLETS - CPO)** (Pen. Code, §§ 136.2, 1203.097(a)(2),
136.2(i)(1), 273.5(j), 368(*l*), and 646.9(k))

[x] ORDER UNDER PENAL CODE, § 136.2     [ ] MODIFICATION
[ ] PROBATION CONDITION ORDER (Pen. Code, § 1203.097)
ORDER UNDER:   [x] PENAL CODE, § 136.2(i)(1)   [ ] PENAL CODE, § 273.5(j)
               [x] PENAL CODE, § 368(*l*)       [ ] PENAL CODE, § 646.9(k)

CASE NUMBER: FVI22003052

**This Order May Take Precedence Over Other Conflicting Orders; See Item 4 on Page 2.**

PERSON TO BE RESTRAINED (complete name): Deandre Martin
Sex: [x] M  [ ] F  Ht.: 5'11  Wt.: 165  Hair color: blk   Eye color: bro   Race: blk   Age: 35   Date of birth: 11/18/86

1. This proceeding was heard on (date): 11/07/2022   at (time): 8:30   in Dept.: V9   Room:
   by judicial officer (name): Honorable Miriam Morton

2. **This order expires on (date):** _____. If no date is listed, this order expires three years from date of issuance.

3. [x] Defendant was personally served with a copy of this order at the court hearing, and no additional proof of service of this order is required.

4. FULL NAME, AGE, AND GENDER OF EACH PROTECTED PERSON: Ma'lenna Capers Female 26 years old

5. [ ] For good cause shown, the court grants the protected persons named above the exclusive care, possession, and control of the following animals:

6. [ ] The court has information that the defendant owns or has a firearm or ammunition, or both.

**GOOD CAUSE APPEARING, THE COURT ORDERS THAT THE ABOVE-NAMED DEFENDANT**

7. must not harass, strike, threaten, assault (sexually or otherwise), follow, stalk, molest, destroy or damage personal or real property, disturb the peace, keep under surveillance, or block movements of the protected persons named above.

8. **must not own, possess, buy or try to buy, receive or try to receive, or otherwise obtain a firearm or ammunition. The defendant must surrender to local law enforcement, or sell to or store with a licensed gun dealer any firearm owned by the defendant or subject to his or her immediate possession or control within 24 hours after service of this order and must file a receipt with the court showing compliance with this order within 48 hours of receiving this order.**

   [ ] The court finds good cause to believe that the defendant has a firearm within his or her immediate possession or control and sets a review hearing for (date): _____ to ascertain whether the defendant has complied with the firearm relinquishment requirements of Code Civ. Proc., § 527.9. (Cal. Rules of Court, rule 4.700.)
   [ ] The court has made the necessary findings and applies the firearm relinquishment exemption under Code Civ. Proc., § 527.9(f). The defendant is not required to relinquish this firearm (specify make, model, and serial number of firearm):

9. must not attempt to or actually prevent or dissuade any victim or witness from attending a hearing or testifying or making a report to any law enforcement agency or person.

10. must take no action to obtain the addresses or locations of protected persons or their family members, caretakers, or guardian unless good cause exists otherwise.   [ ] The court finds good cause to not make the order in item 10.

11. [ ] must be placed on electronic monitoring for (specify length of time): _____. (Not to exceed 1 year from the date of this order. Pen. Code, § 136.2(a)(1)(G)(iv) and Pen. Code, § 136.2(i)(2).)

12. [x] must have no personal, electronic, telephonic, or written contact with the protected persons named above.

13. [x] must have no contact with the protected persons named above through a third party, except an attorney of record.

14. [x] must not come within 100   yards of the protected persons and animals named above.

15. [ ] must not take, transfer, sell, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of the animals described in item 5.

16. [ ] may have peaceful contact with the protected persons named above, as an exception to the "no-contact" or "stay-away" provision in item 12, 13, or 14 of this order, only for the safe exchange of children and court-ordered visitation as stated in:
    a. [ ] the Family, Juvenile, or Probate court order in case number: _____ issued on (date): _____
    b. [ ] any Family, Juvenile, or Probate court order issued after the date this order is signed.

17. [x] The protected persons may record any prohibited communications made by the restrained person.

18. [x] Other orders including stay-away orders from specific locations:
    Stay away from victim's home school or work

Executed on: NOV 07 2022                          MIRIAM L. MORTON
              (DATE)                              (SIGNATURE OF JUDICIAL OFFICER)            Department/Division:

Form Adopted for Mandatory Use
Judicial Council of California
CR-160 [Rev. July 1, 2016]
Approved by Department of Justice

**CRIMINAL PROTECTIVE ORDER—DOMESTIC VIOLENCE**
**(CLETS—CPO)**

Penal Code, §§ 136.2, 166, 1203.097(a)(2), 273.5(j), 368(l), 646.9(k), and 136.2(i)(1)
www.courts.ca.gov

CR-160

# WARNINGS AND NOTICES

1. **VIOLATION OF THE ORDER IS SUBJECT TO CRIMINAL PROSECUTION.** Violation of this protective order may be punished as a misdemeanor, a felony, or a contempt of court. Taking or concealing a child in violation of this order may be a felony and punishable by confinement in state prison, a fine, or both. Traveling across state or tribal boundaries with the intent to violate the order may be punishable as a federal offense under the Violence Against Women Act, 18 U.S.C. § 2261(a)(1) (1994).

2. **NOTICE REGARDING FIREARMS. Any person subject to a protective order is prohibited from owning, possessing, purchasing or attempting to purchase, receiving or attempting to receive, or otherwise obtaining a firearm. Such conduct is subject to a $1,000 fine and imprisonment. The person subject to these orders must relinquish any firearms (by surrendering the firearm to local law enforcement, or by selling or storing it with a licensed gun dealer) and not own or possess any firearms during the period of the protective order. (Pen. Code, § 136.2(d).) Under federal law, the issuance of a protective order after hearing will generally prohibit the restrained person from owning, accepting, transporting, or possessing firearms or ammunition. A violation of this  prohibition is a separate federal crime.**

   Specified defendants may request an exemption from the firearm relinquishment requirements stated in item 8 on page 1 of this order. *The court must check the box under item 8 to order an exemption from the firearm relinquishment requirements.* If the defendant can show that the firearm is necessary as a condition of continued employment, the court may grant an exemption for a particular firearm to be in the defendant's possession only during work hours and while traveling to and from work. If a peace officer's employment and personal safety depend on the ability to carry a firearm, a court may grant an exemption that allows the officer to carry a firearm on or off duty, but only if the court finds, after a mandatory psychological examination of the peace officer, that the officer does not pose a threat of harm. (Code Civ. Proc., § 527.9(f).)

3. **ENFORCING THIS ORDER IN CALIFORNIA**
   • This order must be enforced in California by any law enforcement agency that has received the order or is shown a copy of the order or has verified its existence on the California Law Enforcement Telecommunications System (CLETS).
   • Law enforcement must determine whether the restrained person had notice of the order. If notice cannot be  verified, law enforcement must advise the restrained person of the terms of the order and, if the restrained person  fails to comply, must enforce it. (Fam. Code, § 6383.)

4. **CONFLICTING ORDERS-PRIORITIES FOR ENFORCEMENT**
   **If more than one restraining order has been issued, the orders must be enforced according to the following priorities:**
   a. *Emergency Protective Order:* If one of the orders is an Emergency Protective Order (form EPO-001) and is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders. (Pen. Code, § 136.2(c)(1)(A).)
   b. *No-Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence in enforcement over any other restraining or protective order.
   c. *Criminal Order:* If none of the orders include a no-contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. (Pen. Code, § 136.2(e)(2).) Any nonconflicting terms of the civil restraining order remain in effect and enforceable.
   d. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.

5. **CERTIFICATE OF COMPLIANCE WITH VIOLENCE AGAINST WOMEN ACT (VAWA).** This protective order meets all Full Faith and Credit requirements of the Violence Against Women Act, 18 U.S.C. § 2265 (1994). This court  has jurisdiction over the parties and the subject matter, and the restrained person has been afforded notice and a timely opportunity to be heard as provided by the laws of this jurisdiction. This order is valid and entitled to enforcement in each jurisdiction throughout the 50 United States, the District of Columbia, all tribal lands, and all U.S. territories, and shall be enforced as if it were an order of that jurisdiction.

6. **EFFECTIVE DATE AND EXPIRATION DATE OF ORDERS**
   • These orders are effective as of the date they were issued by a judicial officer.
   • These orders expire as ordered in item 2 on page 1 of this order, **or as explained below.**
   • Orders under Penal Code section 136.2(a) are valid as long as the court has jurisdiction over the case. They are not valid after imposition of a county jail or state prison commitment. (See *People v. Stone* (2004) 123 Cal.App.4th 153.)
   • Orders issued under Penal Code sections 136.2(i)(1), 273.5(j), 368(l), and 646.9(k) are valid for up to 10 years and may be issued by the court whether the defendant is sentenced to state prison or county jail or if imposition of sentence is suspended and the defendant is placed on probation.
   • Orders under Penal Code section 1203.097(a)(2) are probationary orders, and the court has jurisdiction as long as the defendant is on probation.
   • To terminate this protective order, courts should use form CR-165, *Notice of Termination of Protective Order in Criminal Proceeding (CLETS).*

7. **CHILD CUSTODY AND VISITATION**
   • Child custody and visitation orders may be established or modified in Family, Juvenile, or Probate court.
   • Unless box a or b in item 16 on page 1 is checked, contact between the restrained and protected persons permitted by a Family, Juvenile, or Probate court order for child custody or visitation must not conflict with the provisions of this order.
   • If box a or b in item 16 on page 1 is checked, the restrained and protected persons should always carry a certified copy of the most recent child custody or visitation order issued by the Family, Juvenile, or Probate court.

**CRIMINAL PROTECTIVE ORDER—DOMESTIC VIOLENCE (CLETS—CPO)**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

**EXHIBIT**



JV-200

ATTORNEY OR PARTY WITHOUT ATTORNEY:                    STATE BAR NO.: 323819
NAME: Ashlee Poullard, Deputy County Counsel
FIRM NAME: Office of County Counsel
STREET ADDRESS: 385 North Arrowhead Avenue, 4th Floor
CITY: San Bernardino                              ZIP CODE: 92415-0140
TELEPHONE NO.: (909) 387-5455        FAX NO.: (909) 387-0523
E-MAIL ADDRESS:
ATTORNEY FOR (name): Petitioner, San Bernardino County Children and Family Services

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
    STREET ADDRESS: 860 East Gilbert Street
    MAILING ADDRESS: 860 East Gilbert Street
    CITY AND ZIP CODE: San Bernardino, CA 92415-0140
    BRANCH NAME: Juvenile Dependency Court

CASE NAME: Ka'hlani Martin
KAH'LANI MARTIN

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO

JUL 10 2023

BY: _Kelly Mercado_
Kelly Mercado, Deputy

| CUSTODY ORDER—JUVENILE—FINAL JUDGMENT | CASE NUMBER: FAMSB2305155 |
|---|---|
| | JUVENILE: J294793 |
| | FAMILY (existing one, otherwise, new): FAMSB2305155 |

| Date of hearing: JUL 10 2023 | Dept.: J4 |
|---|---|
| Judicial officer (name): ANNEMARIE G. PACE | |

**THE COURT FINDS AND ORDERS**

1.  a.  **Jurisdiction.** This court has jurisdiction to make child custody orders in this case under the Uniform Child Custody Jurisdiction and Enforcement Act (Fam. Code, §§ 3400–3465).

    b.  **Notice and opportunity to be heard.** The parties were given notice and an opportunity to be heard as provided by the laws of the State of California.

    c.  **Country of habitual residence.** The country of habitual residence of the child or children in this case is
        ☒ the United States    ☐ other (specify):

    d.  **Penalties for violating this order.** If you violate this order, you may be subject to civil or criminal penalties or both.

2.  **Parents bound by this order.**
    a.  Name: Malenna Capers          ☒ Mother    ☐ Father
    b.  Name: Deandre Martin          ☐ Mother    ☒ Father
    c.  Name:                         ☐ Mother    ☐ Father

    are the parents of the children listed in item 3.

    Parents ☐ are ☐ are not married to each other.
    Parents ☐ do ☒ do not reside together.

3.  **Custody.** Custody of the minor children is ordered as follows:

| Child's name | Date of birth | Legal custody to (name): | Physical custody to (name): | Primary residence with (name): |
|---|---|---|---|---|
| Kah'lani Martin | 06/14/2020 | Deandre Martin | Deandre Martin | Deandre Martin |

☐ Additional children listed on Attachment 3.

4.  ☐ This order reflects a change in the physical custody of the child or children to the custody of a formerly noncustodial parent.

Form Adopted for Mandatory Use
Judicial Council of California
JV-200 [Rev. January 1, 2016]          **CUSTODY ORDER—JUVENILE—FINAL JUDGMENT**          Page 1 of 4

Family Code, § 3020 et seq.; Penal Code, § 136.2;
Welfare & Institutions Code, §§ 302(d), 304, 361.2,
362.4, 726.5; Cal. Rules of Court, rule 5.700
www.courts.ca.gov



FAMSB 2 3 0 5 1 5 5    JV-200

| CASE NAME:<br>KAH'LANI MARTIN | CASE NUMBER:<br>JUVENILE: J294793<br>FAMILY: |
|---|---|

15. The *(check one)*: ☒ clerk of the juvenile court ☐ parent given physical custody ☐ parent's attorney ☐ county counsel
is directed to transmit this order within 10 calendar days to the clerk of the superior court in any county where a proceeding described in rule 5.700(a)(1) involving the child or children is pending or, if no such case exists, to the clerk of the court in *(specify jurisdiction):*
which is *(in order of preference):*

☒ the county where the parent who holds sole physical custody resides.

☐ the county where the child's or children's primary residence is located *(if no parent holds sole physical custody).*

☐ a county or location where a parent resides.

☐ other *(name of jurisdiction):*

**To the clerk of the receiving court:**

16. Immediately on receiving this order, file the order as described in rule 5.475(a)(1) or 5.700(b) in a pending proceeding or a new file.

17. After filing the order, send an endorsed file-stamped copy of this order showing the case number assigned by your court by first-class mail to **the originating juvenile court** and:

a. ☒ The parent in 2a *(name and mailing address):*
Malenna Capers; Address us Unknown

b. ☒ The parent in 2b *(name and mailing address):*
Deandra Martin; 8094 Tuscany Street Fontana Ca 92336

c. ☐ The child in 3 *(name and mailing address):*

d. ☒ Other *(name and mailing address):*
Ashlee Poullard, Deputy County Counsel, 385 N. Arrowhead Ave., 4th Floor, San Bernardino, CA 92415-0140

with a completed clerk's certificate of mailing *(see below).*

### CLERK'S CERTIFICATE OF MAILING
*(To be completed by clerk of receiving court)*

I certify that I am not a party to this cause and that an endorsed filed copy of the foregoing order was mailed as follows: Each copy was enclosed in an envelope with postage fully prepaid. The envelopes were addressed to the originating court and to each person whose name and address are given in item 17. Each envelope was sealed and deposited with the United States Postal Service

at *(place):* SAN BERNARDINO
on *(date):* JUL 1 9 2023
Date: JUL 1 9 2023

Clerk, by _Kelly Mercado_ , Deputy
Kelly Mercado

American LegalNet, Inc.

JV-205

| CASE NAME: | CASE NUMBER: FAMSB 2 3 0 5 1 5 5 |
|---|---|
| KAH'LANI MARTIN | JUVENILE: J294793 |
| | FAMILY: |

## VISITATION (PARENTING TIME) ORDER—JUVENILE

**Attachment to** ☒ *Custody Order—Juvenile—Final Judgment (form JV-200)*
☐ *Notice of Hearing and Temporary Restraining Order—Juvenile (form JV-250)*
☐ *Restraining Order—Juvenile (form JV-255)* ☐ *Change to Restraining Order After Hearing (form JV-257)*

1. This order applies to the following children *(name each)*:
   a. Kah'lani Martin    b. _____    c. _____
   d. _____    e. _____    f. _____

2. ☒   **VISITATION (Parenting Time)** *(name of parent)*: Malenna Capers    will have the children with him or her
   (**NOTE:** Either a or b must be checked. If neither is checked, this order may not be enforceable.)
   a. ☐   as stated in the visitation agreement on Attachment 2a.
   **or**
   b. ☒   as follows:
   (1) ☐   **Weekends** starting on *(specify date)*:

   | | | | | | |
   |---|---|---|---|---|---|
   | ☐ | First weekend of the month *(specify day(s) and times)*: | from _____ at _____ | ☐ a.m. | ☐ p.m. |
   | | | to _____ at _____ | ☐ a.m. | ☐ p.m. |
   | ☐ | Second weekend of the month *(specify day(s) and times)*: | from _____ at _____ | ☐ a.m. | ☐ p.m. |
   | | | to _____ at _____ | ☐ a.m. | ☐ p.m. |
   | ☐ | Third weekend of the month *(specify day(s) and times)*: | from _____ at _____ | ☐ a.m. | ☐ p.m. |
   | | | to _____ at _____ | ☐ a.m. | ☐ p.m. |
   | ☐ | Fourth weekend of the month *(specify day(s) and times)*: | from _____ at _____ | ☐ a.m. | ☐ p.m. |
   | | | to _____ at _____ | ☐ a.m. | ☐ p.m. |
   | ☐ | Fifth weekend of the month *(specify day(s) and times)*: | from _____ at _____ | ☐ a.m. | ☐ p.m. |
   | | | to _____ at _____ | ☐ a.m. | ☐ p.m. |

   (2) ☐   **Alternating weekends** starting on *(specify date)*:    from _____
   at _____ ☐ a.m. ☐ p.m. to _____ at _____ ☐ a.m. ☐ p.m.

   (3) ☐   **Midweek** from _____ at _____ ☐ a.m. ☐ p.m.
   to _____ at _____ ☐ a.m. ☐ p.m.

   (4) ☒   **Other** *(specify days and times as well as any additional conditions)*:
   Mother, Malenna Capers, to have supervised visitation once a month for two supervised by a professional
   visitation monitor. *or father's delegate*
   ☐   Continued on Attachment 2b(4).

3. ☒   **SUPERVISED VISITATION.** Until ☒   further order of the superior court ☐   other *(specify)*:

   *(name of parent)*: Malenna Capers    may have only supervised visitation with the children according to the
   schedule in 2 for the reasons stated on ☒   the attached form JV-206 ☐   Attachment 3.
   Visit supervisor *(name)*: See 2(b)(4)    Phone #:    E-mail:

4. ☒   **TRANSPORTATION FOR VISITATION AND PLACE OF EXCHANGE**
   a. ☒   Transportation to the visits must be provided by ☐   Parent *(name)*:
   ☒   Other *(specify)*: as arranged by parents
   b. ☒   Transportation from the visits must be provided by ☐   Parent *(name)*:
   ☒   Other *(specify)*: as arranged by parents
   c. ☒   The children must be delivered to and picked up from *(specify location)*: as arranged by parents
   d. ☐   Other *(specify)*:

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
JV-205 [Rev. January 1, 2016]

**VISITATION (PARENTING TIME)
ORDER—JUVENILE**

Family Code, § 3020 et seq.; Penal Code, § 136.2;
Welfare and Institutions Code, §§ 302(d), 304, 362.4, 726.5;
Cal. Rules of Court, rule 5.700
www.courts.ca.gov


American LegalNet, Inc.
www.FormsWorkFlow.com

**EXHIBIT**

ICWA-010(A)

| | |
|---|---|
| CHILD'S NAME:<br>Amariyanna Solae Capers-White | CASE NUMBER |

1. Name of child: Amariyanna Solae Capers-White

2. (Check one)

☐ I have not yet been able to complete the inquiry about the child's Indian status because:

I understand that I have an affirmative and continuing duty to complete this inquiry. I will do it as soon as possible and advise the court of my efforts.

☒ I have asked or ☐ I am advised by                        and on information and belief confirm that this person has completed inquiry by asking the child, the child's parents, and other required and available persons about the child's Indian status. The person(s) questioned are:

Name: Malenna Latonya-Anita Capers                  Name:

Address: Homeless                                    Address:

City, state, zip: CA                                 City, state, zip:

Telephone:                                           Telephone:

Date questioned: 10/20/2022                          Date questioned:

Relationship to child: Mother                        Relationship to child:

☐ Additional persons questioned and their information is attached.

3. This inquiry (check one):

☐ gave me reason to believe the child is or may be an Indian child. (If yes, continue to 4.)

☒ gave me no reason to believe the child is or may be an Indian child.

4. ☐ I contacted the tribe(s) that the child may be affiliated with and worked with them to establish whether the child is a member or eligible for membership in the tribe(s). Information detailing the tribes contacted, the names of the individuals contacted, and the manner of the contacts is attached.

5. Based on inquiry and tribal contacts (check all that apply):

   a. ☐ The child is or may be a member of or eligible for membership in a tribe.
      Name of tribe(s):
      Location of tribe(s):

   b. ☐ The child's parents, grandparents, or great-grandparents are or were members of a tribe.
      Name of tribe(s):
      Location of tribe(s):

   c. ☐ The residence or domicile of the child, child's parents, or Indian custodian is on a reservation, rancheria, Alaska Native village or other tribal trust land.

   d. ☐ The child or the child's family has received services or benefits from a tribe or services that are available to Indians from tribes or the federal government, such as the Indian Health Service or Tribal Temporary Assistance to Needy Families (TANF).

   e. ☐ The child is or has been a ward of a tribal court.
      Name of tribe(s):
      Location of tribe(s):

   f. ☐ Either parent or the child possesses an Indian Identification card indicating membership or citizenship in an Indian tribe.
      Name of tribe(s):
      Location of tribe(s):

6. If this is a delinquency proceeding under Welfare and Institutions Code section 601 or 602:

   ☐ The child is in foster care.

   ☐ It is probable the child will be entering foster care.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 10/24/2022

Christopher Villalpando, SSP                                              (SIGNATURE)
(TYPE OR PRINT NAME)

JV-120

| CHILD'S NAME: | CASE NUMBER: |
|---|---|
| Amariyanna Solae Capers-White | |

## SERIOUS PHYSICAL HARM
### § 300(a)

The child has suffered, or there is a substantial risk that the child will suffer, serious physical harm inflicted nonaccidentally upon the child by the child's parent or guardian.

*(State supporting facts concisely and number them a-1, a-2, a-3, etc.):*

A-1.    THE MOTHER, MALENNA LATONYA-ANITA CAPERS, HAS UNTREATED MENTAL HEALTH ISSUES WHICH NEGATIVELY IMPACTS HER ABILITY TO APPROPRIATELY PARENT THE CHILD, AMARIYANNA SOLAE CAPERS-WHITE, IN THAT SHE THREATENED TO CAUSE PHYSICAL HARM AS EVIDENT BY HER CHASING THE CHILD WITH SCISSORS AND THREATENING TO KILL HER.

Form Approved for Optional Use
Judicial Council of California
JV-120 [Rev. January 1, 2007]
CWS Case Management System

SERIOUS PHYSICAL HARM
§ 300(a)

Welfare and Institutions Code § 300;
Cal. Rules of Court, rule 5.504

Page 3 of 5

| CHILD'S NAME: | | JV-121 |
|---|---|---|
| Amariyanna Solae Capers-White | | CASE NUMBER: |

## FAILURE TO PROTECT
### § 300(b)

**§ 300(b)(1)**

The child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness

[X] as a result of the failure or inability of his or her parent or legal guardian to supervise or protect the child adequately.

[X] as a result of the willful or negligent failure of the child's parent or legal guardian to supervise or protect the child adequately from the conduct of the custodian with whom the child has been left.

[  ] by the willful or negligent failure of the parent or legal guardian to provide the child with adequate food, clothing, shelter, or medical treatment.

[X] by the inability of the parent or legal guardian to provide regular care for the child due to the parent's or legal guardian's mental illness, developmental disability, or substance abuse.

**§ 300(b)(2)**

The child's parent or guardian has failed to, or was unable to, protect the child, and the child

[  ] has been or is being sexually trafficked, as described in section 236.1 of the Penal Code.

[  ] has been or is receiving food or shelter in exchange for, or who is paid to perform sexual acts described in section 236.1 or 11165.1 of the Penal Code.

*(State supporting facts concisely and number them 1, 2, 3, etc.):*

B-2.   THE MOTHER, MALENNA LATONYA-ANITA CAPERS, HAS A HISTORY OF ENGAGING IN DOMESTIC VIOLENCE WITH HER SIGNIFICANT OTHERS IN THE PRESENCE OF THE CHILD, AMARIYANNA SOLAE CAPERS-WHITE, WHICH PLACES THE CHILD AT SUBSTANTIAL RISK OF PHYSICAL AND/OR EMOTIONAL HARM.

B-3.   THE MOTHER, MALENNA LATONYA-ANITA CAPERS, HAS UNTREATED MENTAL HEALTH ISSUES WHICH PLACES THE MINOR, AMARIYANNA SOLAE CAPERS-WHITE, AT RISK OF PHYSICAL AND/OR EMOTIONAL HARM.

B-4.   THE MOTHER, MALENNA LATONYA-ANITA CAPERS, HAS UNTREATED MENTAL HEALTH ISSUES WHICH NEGATIVELY IMPACTS HER ABILITY TO APPROPRIATELY PARENT THE CHILD, AMARIYANNA SOLAE CAPERS-WHITE, IN THAT SHE THREATENED TO CAUSE PHYSICAL HARM AS EVIDENT BY HER CHASING THE CHILD WITH SCISSORS AND THREATENING TO KILL HER.

Form Approved for Optional Use
Judicial Council of California
JV-121 [Rev. July 1, 2016]
CWS Case Management System

**FAILURE TO PROTECT**
**§ 300(b)**

Welfare and Institutions Code § 300;
Cal. Rules of Court, rule 5.504

Page 4 of 5

MA'LENNA CAPERS
300 S Mountain Ave #1079
Upland, CA 91786
Phone Number : 626-646-4182
Email:palmdocsprocesshelper@gmail.com

MA'LENNA CAPERS IN PRO PER

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF  SAN BERNARDINO**
**VICTORVILLE DISTRICT**

| | |
|---|---|
| MA'LENNA CAPERS, an individual<br><br>                          Petitioner,<br><br>    vs.<br><br>VICTORVILLE SHERIFF'S DEPARTMENT<br><br>DISTRICT ATTORNEY<br><br><br>                          Respondent(s). | ) Case No.:   **FVI22003052**<br>)<br>) **PETITION FOR WRIT OF MANDATE**<br>) **ORDERING THE VICTORVILLE SHERIFF'S**<br>) **DEPARTMENT AND/OR**<br>) **DISTRICT ATTORNEY WITH ITS DUTIES**<br>) **UNDER THE CALIFORNIA  PUBLIC**<br>) **RECORDS ACT [Cal. Gov. Code§§ 6250-6270]**<br>) **AND VICTIM'S BILL OF RIGHTS ACT OF**<br>)  **2008- MARSY'S LAW**<br>)<br>)<br>) **DATE:   12/20/2024**<br>) **TIME:      8:30**<br>) **DEPT:   V5**<br>)<br>) Judge:<br>  Dept: |

Petitioner, MA'LENNA CAPERS, respectfully requests that this Honorable Court issue an order compelling

the VICTORVILLE SHERIFF'S DEPARTMENT and/or the DISTRICT  ATTORNEY assigned to

case #FVI22003052 to release a police report regarding an incident occurring between October 21st, 2022

and October 22nd, 2022 at The Green Tree Hotel  located at 14173 Green Tree Blvd, Victorville CA 92395,

Report Number 172212347, to Petitioner.

PETITION FOR WRIT OF MANDATE

**EXHIBIT**

In support of this Petition, Petitioner alleges as follows:

1. On October 22nd, 2022 Petitioner was transported to the Dignity Health Community Hospital of San Bernardino after false allegations given to deputies who assumed 51-50 after Petitioner fled from police due to prior interaction of harassment the following evening hours of October 21st, 2022. Petitioner alleges her children are victims of manipulative interrogation and professional negligence due to statements not being collected from Petitioner prior to warrants being served and order of protections being put in place.

2. A police report was filed by Unknown officer to petitioner but a officer with the VICTORVILLE SHERIFF'S DEPARTMENT and given to the DISTRICT ATTORNEY located in the Victorville District reference case#FVI22003052.

3. Petitioner request this police report to obtain victim services which the report would be used in verifying the crime, to pursue a legal claim against perpetrators involved in malice and bad faith acts, and discrimination.

For the above reasons, Petitioner  requests that this Court order the VICTORVILLE SHERIFF'S DEPARTMENT and/or the DISTRICT ATTORNEY assigned to case #FVI22003052 to provide a copy of the police report related to the incident described above.

Respectfully Submitted,

DATE: 11-15-2024

*Ma'Lenna Capers*

MA'LENNA CAPERS

# EXHIBIT A



SHANNON D. DICUS, SHERIFF-CORONER

We appreciate your recent request for public records from our agency. Your request is important to us. Unfortunately, we are currently facing a network issue that is affecting our ability to access reports taken between April 23, 2019, and April 6, 2023, and incident reports from April 23, 2019, and May 1, 2023. Regrettably, the record you requested falls within that parameter.

We understand the importance of timely responses to requests for public records and we apologize for any inconvenience this may cause. We assure you that we are working diligently to resolve this issue and to restore access to our records. Unfortunately, there is no ETA as to when this matter will be resolved. Please feel free to call back in 30 days to inquire if your report is accessible. We appreciate your patience and understanding.

Sincerely,

San Bernardino County Sheriff's Department

**EXHIBIT**

| | | | | |
|---|---|---|---|---|
| **Court:** | JUVENILE DEPENDENCY COURT | | **Dept:** | DEP 04 |
| **Judge:** | PACE, ANNEMARIE | | **Date:** | 07/10/2023 08:30 A.M. |
| **Clerk:** | GOMEZ, KARINA | | **SW:** | No social worker assigned. |
| **Bailiff:** | HOLUB, A. | | **Counsel:** | CFS-COUNTY COUNSEL, OFFICE O |
| **Reporter:** | GRANADO, BERNADETTE | | | FA-JCA - JUVENILE COURT, ATTORN |
| **Court SW:** | NICHOLS, IRMA | | | MO-C&L-CLARK & LE, LLP |
| **Juv Nbr:** | 1328681   **DOB:** 06/17/2020   **Age:** 3 | | **Sex:** F | MI-CAG, CHILDREN'S ADVOCACY G |
| **Case Nbr:** | J294793 DEPENDENCY | | | |
| **Petition:** | 10/24/2022 10:05 300 ORIGINAL | | | |
| **Juvenile:** | MARTIN, KA'HLANI | | | |

**Hearing:** 6MO REV WI 366.21E

**\*\*\* ACCEPTED \*\*\***

MARTIN, KAHALANI NOT PRESENT IN COURT.

CAPERS, MALENNA LATONYA-ANITA (MOTHER) NOT PRESENT IN COURT.

MARTIN, DEANDRE (FATHER) PRESENT IN COURT.

JCA-YORO-BACAY, KELSEY SPECIAL APPEARANCE FOR JCA - JUVENILE COURT,
ATTORNEYS OF PRESENT IN COURT REPRESENTING MARTIN, DEANDRE.

C&L-POWERS, JERAD SPECIAL APPEARANCE FOR C&L-CLARK & LE, LLP PRESENT IN
COURT REPRESENTING CAPERS, MALENNA LATONYA-ANITA.

CAG-ECKLEY, REBECCA SPECIAL APPEARANCE FOR CAG, CHILDREN'S ADVOCACY
GROUP, INC PRESENT IN COURT REPRESENTING MARTIN, KAHALANI (minor).

CC-POULLARD, ASHLEE M. PRESENT IN COURT REPRESENTING CFS.

DISCUSSION HELD OFF THE RECORD

REMOTE APPEARANCE(S) BY:

COUNTY COUNSEL AND C&L  PRESENT IN COURT VIA VIDEO (AUDIOVISUAL SYSTEM)

NOTICE OF THE DATE, TIME, AND LOCATION OF THIS HEARING WAS GIVEN TO ALL
NECESSARY PARTIES AS REQUIRED BY LAW.

THE CHILD(REN)  RECEIVED PROPER NOTICE OF HIS OR HER RIGHT TO ATTEND THE
HEARING, WAS GIVEN AN OPPORTUNITY TO BE PRESENT, AND THERE IS NO GOOD
CAUSE FOR A CONTINUANCE TO ENABLE THE CHILD TO BE PRESENT.

THE COURT HAS  READ AND CONSIDERED THE SOCIAL WORKER'S 366.21E REPORT
DATED 07/10/2023 .

THE COURT ADOPTS FINDINGS AND ORDERS LISTED ON PAGE(S) 10-11 OF THE 366.21E
REPORT DATED 07/10/2023

| | | | |
|---|---|---|---|
| **Court:** | JUVENILE DEPENDENCY COURT | **Dept:** | DEP 04 |
| **Judge:** | PACE, ANNEMARIE | **Date:** | 07/10/2023 08:30 A.M. |
| **Clerk:** | GOMEZ, KARINA | **SW:** | No social worker assigned. |
| **Bailiff:** | HOLUB, A. | **Counsel:** | CFS-COUNTY COUNSEL, OFFICE O |
| **Reporter:** | GRANADO, BERNADETTE | | FA-JCA - JUVENILE COURT, ATTOR |
| **Court SW:** | NICHOLS, IRMA | | MO-C&L-CLARK & LE, LLP |
| **Juv Nbr:** | 1328681   **DOB:** 06/17/2020   **Age:** 3 | **Sex::** F | MI-CAG, CHILDREN'S ADVOCACY G |
| **Case Nbr:** | J294793 DEPENDENCY | | |
| **Petition:** | 10/24/2022 10:05 300 ORIGINAL | | |
| **Juvenile:** | MARTIN, KA'HLANI | | |

**Hearing:**  6MO REV WI 366.21E

**\*\*\* ACCEPTED \*\*\***

CHILD IS DISCHARGED AS A DEPENDENT CHILD OF THE COURT.

THE COURT FINDS DEANDRE MARTIN IS THE PRESUMED FATHER OF KA'HLANI MARTIN

THE COUNTY AGENCY HAS COMPLIED WITH THE CASE PLAN BY MAKING REASONABLE EFFORTS TO MAKE IT POSSIBLE FOR THE CHILD(REN) TO SAFELY RETURN HOME AND TO COMPLETE WHATEVER STEPS NECESSARY TO FINALIZE THE PERMANENT PLACEMENT OF THE CHILD(REN).

THE FATHER HAS/HAVE COMPLETED THE CASE PLAN AND THE WELFARE AND BEST INTERESTS OF THE CHILD NO LONGER REQUIRE COURT AND THE COUNTY AGENCY SUPERVISION.

COURT FINDS BY CLEAR AND CONVINCING EVIDENCE THAT ~~REASONABLE SERVICES HAVE BEEN PROVIDED TO FATHER DESIGNED TO OVERCOME PROBLEMS LEADING TO REMOVAL AND THE CHILD'S CONTINUED CUSTODY~~

MOTHER HAS/HAVE FAILED TO COMPLETE HIS OR HER REUNIFICATION PLAN AND RETURN OF THE MINOR TO THE PARENT(S)/LEGAL GUARDIAN(S) WOULD CREATE A SUBSTANTIAL RISK OF DETRIMENT TO THE PHYSICAL/EMOTIONAL WELL-BEING OF THE CHILD.

THE CHILD'S PLACEMENT IN FOSTER CARE IS NO LONGER NECESSARY OR APPROPRIATE. CONDITIONS NO LONGER EXIST WHICH JUSTIFIED THE INITIAL ASSUMPTION OF JURISDICTION AND ARE NOT LIKELY TO EXIST IF SUPERVISION IS WITHDRAWN.

REUNIFICATION SERVICES TO MOTHER ARE TERMINATED

THE COURT SHALL TERMINATE ITS JURISDICTION AND FAMILY LAW CUSTODY ORDER IS SUBMITTED WITH THIS REPORT.

THE COURT ORDERS JV-200 (CUSTODY ORDER - JUVENILE - FINAL JUDGMENT) AS FOLLOWS: SOLE LEGAL CUSTODY TO FATHER , PRIMARY PHYSICAL CUSTODY TO FATHER , AND PRIMARY RESIDENCE WITH FATHER

| | | | |
|---|---|---|---|
| **Court:** | JUVENILE DEPENDENCY COURT | **Dept:** | DEP 04 |
| **Judge:** | PACE, ANNEMARIE | **Date:** | 07/10/2023 08:30 A.M. |
| **Clerk:** | GOMEZ, KARINA | **SW:** | No social worker assigned. |
| **Bailiff:** | HOLUB, A. | **Counsel:** | CFS-COUNTY COUNSEL, OFFI |
| **Reporter:** | GRANADO, BERNADETTE | | FA-JCA - JUVENILE COURT, AT |
| **Court SW:** | NICHOLS, IRMA | | MO-C&L-CLARK & LE, LLP |
| **Juv Nbr:** | 1328681   **DOB:** 06/17/2020   **Age:** 3   **Sex:** F | | MI-CAG, CHILDREN'S ADVOCAC |
| **Case Nbr:** | J294793 DEPENDENCY | | |
| **Petition:** | 10/24/2022 10:05 300 ORIGINAL | | |
| **Juvenile:** | MARTIN, KA'HLANI | | |

**Hearing:** 6MO REV WI 366.21E

**\*\*\* ACCEPTED \*\*\***

THE COURT ORDERS VISITATION ON THE JV-200 (CUSTODY ORDER - JUVENILE - FINAL JUDGMENT) AS FOLLOWS: MOTHER, MALENNA CAPERS, TO HAVE SUPERVISED VISITATION ONCE A MONTH FOR TWO SUPERVISED BY A PROFESSIONAL VISITATION MONITOR OR FATHER'S DELEGATE. TRANSPORTATION AS ARRANGED BY PARENTS

FAMILY LAW CUSTODY ORDER TO BE FILED IN SAN BERNARDINO COUNTY SUPERIOR COURT AND SHALL CONTINUE UNLESS MODIFIED BY A SUBSEQUENT ORDER OF THE SUPERIOR COURT.

COURT DIRECTS THE CLERK OF THE JUVENILE COURT TO TRANSMIT THE FAMILY LAW ORDER TO THE CLERK OF SAN BERNARDINO SUPERIOR COURT FOR FILING , WHO SHALL IMMEDIATELY UPON RECEIPT, OPEN A FILE WITHOUT A FILING FEE AND ASSIGN A CASE NUMBER. SAID CLERK SHALL THEN SEND BY FIRST CLASS MAIL A COPY OF THE ORDER WITH CASE NUMBER TO JUVENILE COURT AND TO THE PARENTS AT THE ADDRESS LISTED ON THE ORDER.

FAMILY LAW CUSTODY ORDER IS ATTACHED AND INCORPORATED HEREIN.

THE PETITION IS DISMISSED, JURISDICTION IS TERMINATED AND ALL COUNSEL RELIEVED.

FATHER TO CONTINUE TO HOLD THE EDUCATIONAL RIGHTS OF CHILD .

COURT CASE HAS BEEN DISMISSED AND DISCHARGED ON 07/10/2023.

COURT MAKES A FINDING THAT THE MINOR'S TRUE NAME IS KA'HLANI MARTIN AND ORDERS CLERK'S OFFICE TO MAKE THE NECESSARY CORRECTIONS TO THE RECORD.

COURT MAKES A FINDING THAT THE MINOR'S CORRECT DATE OF BIRTH IS 06/17/2020 AND ORDERS CLERK'S OFFICE TO MAKE THE NECESSARY CORRECTIONS TO THE RECORD.

**\*\*\* END OF ORDER \*\*\***